Matter of Caronna (2022 NY Slip Op 05165)

Matter of Caronna

2022 NY Slip Op 05165

Decided on September 14, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2020-00428

[*1]In the Matter of Anthony A. Caronna, admitted as Anthony Albert Caronna, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Anthony A. Caronna, respondent. (Attorney Registration No. 2550838)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and filing of a notice of petition dated January 9, 2020, and a verified petition dated January 8, 2020, and the respondent served and filed a verified answer dated February 26, 2020, and an amended verified answer dated February 27, 2020. By decision and order on application dated June 23, 2020, this Court referred the matter to the Honorable Charles J. Thomas, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 19, 1993, under the name Anthony Albert Caronna.

Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.
Abrams Fensterman, LLP, Brooklyn, NY (Mark A. Longo of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated January 8, 2020, containing three charges of professional misconduct. The respondent served and filed a verified answer dated February 26, 2020, and an amended verified answer dated February 27, 2020. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated March 16, 2020, which was not challenged by the respondent. The Special Referee submitted a report dated August 24, 2021, in which he sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose upon the respondent such discipline as the Court deems just and proper. The respondent, through counsel, does not dispute the Special Referee's report, and suggests that the discipline be limited to public censure.
The Petition 
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all relevant times, the respondent maintained an attorney escrow account at JPMorgan Chase Bank. In or about October 2018, the respondent was retained by the sellers in connection with a sale of real property located on Leeds Street in Staten Island (hereinafter the Leeds Street transaction). On October 9, 2018, the respondent deposited $36,000, representing the down payment from the buyer in the Leeds Street transaction, into his escrow account. Pursuant to the contract of sale, the respondent was required to hold the $36,000 down payment in his escrow account until the closing of title on November 9, 2018. Prior to the deposit of the down payment, the respondent's escrow account balance was $253.12. After the respondent deposited the down payment, but before the closing, three checks cleared that were unrelated to the Leeds Street transaction: check No. 1018, in the amount of $3,500, cleared on October 22, 2018; check no. 1019, in the amount of $2,500, cleared on November 5, 2018; and check no. 1020, in the amount of $3,000, cleared on November 8, 2018. On the date of the closing, November 9, 2018, the balance in the escrow account was $28,053.12, which was less than the $36,000 the respondent was required to maintain in the account.
Charge two alleges that the respondent commingled personal funds with client or third-party funds in his escrow account, in violation of rule 1.15(a) of the Rules of Professional Conduct, as follows:
Between June 6, 2018, and November 30, 2018, the respondent maintained client funds in his escrow account. On November 14, 2018, the respondent deposited into his escrow account a check in the amount of $80,589.12, representing, in effect, his portion of the earned legal fees in a personal injury matter.
Charge three alleges that the respondent failed to maintain the required bookkeeping records for his escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct.
The Hearing 
At the start of the hearing on June 16, 2021, the respondent indicated that he was no longer disputing any of the charges. As part of its case, the petitioner submitted the transcript of the respondent's examination under oath (hereinafter EUO) dated August 6, 2019. At his EUO, the respondent admitted that check nos. 1018, 1019, and 1020, which totaled $9,000, had all been issued to himself, and were not related to the Leeds Street transaction. The respondent also admitted that, between October 9, 2018, and November 9, 2018, two other checks were paid out from his escrow account: one check for $150 to his son's therapist, and one check for $150 to his accountant. The respondent further admitted that on November 9, 2018, at the closing for the Leeds Street transaction, he issued check no. 1024 from his escrow account to his clients in the amount of $27,935.88, and on November 20, 2018, that check was dishonored.
The respondent testified that he was aware of the charges filed against him and was "extremely remorseful as to what ha[d] taken place," but when questioned about the specific misconduct underlying charge one in the petition, the respondent could not recall the same. When questioned about his bookkeeping practices for his escrow account, the respondent testified that he was not the best record keeper, but that he made sure to "stay on top of things." However, as reflected in the transcript of the respondent's EUO during the underlying grievance investigation, the respondent did not provide sufficient information to explain the withdrawals he made to himself. Further, during the hearing, the respondent failed to state any corrective measures implemented to maintain required bookkeeping records to comply with Rule 1.15.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all three charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests that the Court issue a public censure in view of the mitigation presented, including, inter alia, the personal health and family issues the respondent experienced, his pro bono work, and the evidence of his good character. Notwithstanding the aforementioned mitigating factors, the respondent conducted personal transactions from his escrow account and misappropriated funds entrusted to him as a fiduciary. We have also considered as an aggravating factor the Letter of Caution issued to him in 2012 for his failure to maintain a proper ledger, which letter specifically informed the respondent of the records and information that he was required to maintain. Despite this guidance, the respondent continued to disregard his obligation under Rule 1.15 to [*2]maintain proper bookkeeping records for his escrow account.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Anthony A. Caronna, admitted as Anthony Albert Caronna, is suspended from the practice of law for a period of two years, commencing October 14, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 15, 2024. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Anthony A. Caronna, admitted as Anthony Albert Caronna, shall desist and refrain from (l) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Anthony A. Caronna, admitted as Anthony Albert Caronna, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court