Matter of Cantin
2026 NY Slip Op 03162
May 20, 2026
Appellate Division, Second Department
Per Curiam
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Bruce S. Cantin, admitted as Bruce Stuart Cantin, an attorney and counsel-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Bruce S. Cantin, respondent. (Attorney Registration No. 2658508)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2023-02992
Hector D. LaSalle, P.J.
Mark C. Dillon
Colleen D. Duffy
Betsy Barros
Francesca E. Connolly, JJ.

David W. Chandler, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 1, 1995, under the name Bruce Stuart Cantin.
Per Curiam.

[*1]
Per Curiam.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a formal disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated June 15, 2023. The respondent filed a verified answer dated July 17, 2023. The Grievance Committee served and filed a statement of disputed and undisputed facts dated July 20, 2023. The respondent served and filed his own statement of disputed and undisputed facts dated August 10, 2023. By decision and order on application dated October 19, 2023, this Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to the Honorable Patricia M. DiMango, as Special Referee, to hear and report. In a report filed on August 16, 2024, the Special Referee sustained all five charges in the petition. By notice of motion dated September 25, 2024, the Grievance Committee moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as this Court deems just and proper. In response, by affirmation dated October 21, 2024, the respondent, through counsel, does not challenge the Special Referee's report but requests leniency from this Court. The respondent requests the imposition of a sanction no greater than a public censure.
The Petition
The petition alleges five charges of misconduct surrounding the respondent's escrow account, which he maintained at JP Morgan Chase Bank, entitled "Cantin Law Group P.C. Attorney Trust Account IOLA," with account number ending in x-1259 (hereinafter the escrow account). The respondent also maintained an operating account at JP Morgan Chase Bank, entitled "Cantin Law [*2]Group PC," with account number ending in x-0662 (hereinafter the operating account).
Between on or about October 4, 2016, and May 23, 2017, the respondent received settlement checks for 13 clients. On June 1, 2017, the respondent should have been holding $121,051.59 in his escrow account for the 13 clients. However, on that day, the respondent's escrow account balance was $103,626.76, a deficiency of $17,424.83. The respondent was charged with misappropriating client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of the rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge one).
On October 11, 2017, the respondent deposited a $25,000 settlement check for client Tayvia Thomas into his operating account. On October 19, 2017, the respondent transferred $25,000 from his operating account to his escrow account. On that same day, the respondent issued a check to Tayvia Thomas from his escrow account, in the amount of $15,159.67, representing her net settlement proceeds. Between October 11, 2017, and October 19, 2017, the balance in the operating account fell below $15,159.67, the amount of settlement funds owed to Tayvia Thomas. On October 13, 2017, the balance in the operating account was $11,015, and on October 18, 2017, the balance in the operating account was $8,892.85, a deficiency of $4,144.67 and $6,266.82, respectively. The respondent was charged with misappropriating client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of the rule 1.15(a) of the Rules of Professional Conduct (charge two), and with failing to safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(b)(1) of the Rules of Professional Conduct (charge three).
Between in or about 2017 and July 2018, the respondent failed to maintain an accurate ledger or similar record for his escrow account showing the source of all funds deposited therein, the names of all persons for whom the funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed. Further, the respondent's checks for his escrow account were improperly titled "Cantin Law Group, P.C." The respondent was charged with failing to maintain the required bookkeeping records for his escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct (charge four), and for failing to properly title his escrow account checks, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct (charge five).
The Hearing Record
On November 20, 2018, and December 3, 2018, the respondent appeared for examinations under oath. On December 12, 2023, a prehearing conference was conducted. A hearing was held on January 26, 2024, continuing on March 4, 2024, and March 28, 2024. The Grievance Committee entered five exhibits into evidence to prove its case-in-chief. The respondent submitted one exhibit, testified on his own behalf, and called five character witnesses, Mitchell R. Kahn, Jason A. Greenberg, Kevin Porter, Erin Hurley, and Joel Dickstein, to testify on his behalf.
At the hearing, the respondent admitted all the factual allegations contained in the petition and testified in mitigation. The respondent testified that on November 15, 2015, he started his own law firm called the Cantin Law Group. The respondent testified that in April 2017, he discovered an issue with his escrow account but had no recollection concerning his misconduct involving Tayvia Thomas.
In 2018, after the Grievance Committee's investigation, the respondent testified that he hired a bookkeeper to review his escrow account and operating account. Previously, the respondent had personally maintained his bookkeeping records and could not remember how often he reconciled his escrow account. When asked how his escrow account had developed a shortage, the respondent testified that, "[he did not] really know because [he] knew that there were mistakes that were made, but [he] guess[ed] as [he] said, [his] bookkeeping was not great, was not good, actually, and [he] was very distracted during that period of time."
In mitigation, the respondent provided that on the same day he started his law firm, November 15, 2015, his wife was diagnosed with stage four lung cancer. Earlier that month, on November 1, 2015, the respondent's father-in-law had passed away from cancer. The respondent's wife died on June 10, 2017. Further, in March 2017, the respondent's daughter was hospitalized for three weeks. The respondent testified that he was overwhelmed trying to juggle his office work, being there for his wife during her treatments for cancer and who was bedridden by May 2017, and helping his daughter. The respondent testified that at the end of 2017, he developed kidney stones and was in the emergency room on New Year's Eve in 2017.
The respondent expressed his regret for his misconduct and stated that he was going through horrific events in his life during this time and that he takes full responsibility for his actions. [*3]The respondent testified that he believed that all of his clients received the money they were entitled to and that the respondent received no personal benefit from his mistakes.
The Special Referee's Report
The Special Referee sustained all charges in the petition. The Special Referee found that the respondent testified credibly to most of the factual background and admitted to the charges contained in the petition. However, the Special Referee found that the respondent "was not as forthcoming when it came to some of the facts surrounding the actual charges. He acknowledged and admitted to the decline in funds in the [escrow] account but was at a loss to explain what had happened and why the balance in the account was slowly dropping during this time." The Special Referee found that the respondent's best explanation "amounted to a deflection of responsibility."
In mitigation, the Special Referee noted, inter alia, that the respondent's character witnesses testified earnestly as to the respondent's good reputation for truth and veracity and that the respondent was dealing with serious family medical issues during the subject time frame.
The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The Grievance Committee provides that in July 2022, the respondent received an Admonition for, among other things, failing to properly supervise his staff, as well as a Letter of Advisement for endorsing client checks without proof of their permission to do so. Both the Admonition and the Letter of Advisement were for misconduct during the same time frame as the subject proceeding, and the Admonition was imposed in consideration of his wife's and daughter's health concerns.
In response, the respondent does not challenge the Special Referee's report but requests leniency from this Court and the imposition of a sanction no greater than a public censure. The respondent provides an affirmation, through counsel, inter alia, to show that he is remorseful for his misconduct, accepts responsibility, and stresses that his misconduct was not intentional or venal in nature. The respondent also asks this Court to consider the substantial mitigation evidence, as discussed above.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all five charges in the petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining the appropriate measure of discipline, notwithstanding the mitigating factors, the respondent misappropriated funds entrusted to him as a fiduciary, did not maintain proper bookkeeping records, did not reconcile his escrow account, and could not determine how the deficiencies in both his escrow account and operating account occurred. Although the respondent testified that he received no personal benefit from his mistakes, the bank record indicates otherwise. On October 2, 2017, the respondent had three insufficient fund charges to his operating account. Prior to "mistakenly" depositing the $25,000 Thomas settlement check into his operating account on October 11, 2017, the respondent's operating account balance was $2,775.49 on October 10, 2017. Between October 11, 2017, to October 19, 2017, approximately 26 transactions were executed on the respondent's operating account totaling approximately $19,454, including one electronic withdrawal on October 17, 2017, to pay BMW Financial Services. We also have considered as an aggravating factor the Letter of Advisement and the Admonition issued in July 2022 for misconduct that also occurred in 2017 and 2018.
Under the totality of the circumstances, we find that the respondent's conduct warrants a suspension from the practice of law for two years (see Matter of Caronna, 209 AD3d 111).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Bruce S. Cantin, admitted as Bruce Stuart Cantin, is suspended from the practice of law for a period of two years, commencing June 19, 2026, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 17, 2027. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied [*4]with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Bruce S. Cantin, admitted as Bruce Stuart Cantin, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Bruce S. Cantin, admitted as Bruce Stuart Cantin, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Bruce S. Cantin, admitted as Bruce Stuart Cantin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court